### H. N. GAGE *v.* JOSHUA WRIGHT.

**Compromise and Settlement—Good Faith.**

In the compromise and settlement of a claim for a less amount than is due, the utmost good faith must characterize the transaction and such good faith is not to be inferred in favor of the debtor.

#### APPEAL FROM JEFFERSON CIRCUIT COURT.

June 15, 1874.

OPINION BY JUDGE LINDSAY:

The defense relied on is that appellee accepted the payment of $1,445.20 as a satisfaction in full of appellant's indebtedness. It is difficult to perceive the consideration, if there was one, for such acceptance. It is not shown that appellant compounded his debts by the payment to each and all of his creditors of 55 cents to the dollar. It does not appear that the payment was made to appellee before the debt was due, nor at a place different from the place of payment originally agreed on.

The only possible consideration, to be inferred from anything either in the pleadings or the proof, is the fact that appellant's friends were induced to loan him money upon the faith of appellee's accepting 55 cents to the dollar in payment of his claim. Appellee was not notified that appellant would be compelled to borrow for that purpose; and he had the right to rely upon the statements made by appellant to his creditors at the meeting in New York, that his assets would pay a much larger per cent. of his indebtedness than 55 cents to the dollar.

It is neither alleged nor proven that appellee has received his full proportionate share of appellant's assets, nor that he has received as much as the other creditors.

No case, in which a defense like that relied on in this action, is set up; the utmost good faith should characterize the transaction, and such good faith is not to be inferred in favor of the debtor, who seeks to evade the payment of the whole of his indebtedness.

We can not adjudge that the finding of the payee of the common pleas court is palpably wrong, or indeed that it is not according to the weight of the evidence.

Judgment affirmed.

*Elliott, for appellant.*

*Reid & Carey, for appellee.*